**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RON BRADY, JR., | )
    Petitioner, ) 2:11-cv-00846-JCM-PAL
vs. ) **ORDER**
WARDEN BRIAN WILLIAMS, *et al.*, )
    Respondents. ) |

This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner represented by counsel. Before the court is respondents' motion to dismiss the petition. (ECF No. 19).

**I. Procedural History**

On March 5, 2007, following grand jury proceedings, the state obtained an indictment against petitioner for three counts of solicitation to commit murder. (Exhibit 5).[1] Petitioner filed a pretrial state habeas petition challenging hearsay evidence introduced to the grand jury, withholding of exculpatory evidence by the state, and failure of the state to preserve evidence. (Exhibit 13). The state district court denied the petition. (Exhibits 15 & 16).

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 4, 5-12, and 20-27.

Petitioner filed two motions to compel the production of exculpatory documents and other discovery material. (Exhibits 17, 24, 26, 27). The court ordered the parties to continue to exchange discovery pursuant to statute, and granted in part the second motion to compel. (Exhibits 20 & 36). Petitioner also filed two motions to suppress. (Exhibits 25 & 39). The state district court denied both motions. (Exhibits 36 & 38).

Following a five-day jury trial, on February 5, 2008, the jury found petitioner guilty on all three counts of solicitation to commit murder. (Exhibits 50-55). Petitioner moved for a mistrial, or in the alternative, a new trial. (Exhibit 67). The court held a hearing and denied the motion as to witness Theresa Fragola. (Exhibit 73). The court continued the hearing on the second issue raised in the motion for a mistrial regarding a juror. (Exhibit 76). On July 24, 2008, the court filed a written order denying petitioner's motion for a mistrial, or in the alternative, a new trial. (Exhibit 77).

Prior to sentencing, petitioner filed an application for a writ of prohibition, or in the alternative for mandamus, with the Nevada Supreme Court. (Exhibits 79 & 80). The Nevada Supreme Court found its intervention by way of extraordinary writ was not warranted and denied the petition. (Exhibit 82).

On August 19, 2008, the state district court sentenced petitioner as follows: count 1, 48-150 months; count 2, 45-150 months, to run concurrent to count I; and on count 3, 45-150 months, to run consecutive to counts 1 and 2. (Exhibit 1). The court filed the judgment of conviction on September 2, 2008. (Exhibit 83).

Petitioner filed a direct appeal. (Exhibit 85). On March 1, 2010, the Nevada Supreme Court affirmed petitioner's conviction. (Exhibit 112). Petitioner filed a motion for rehearing, which the Nevada Supreme Court denied. (Exhibit 113).

Petitioner did not file a state post-conviction habeas petition. On May 24, 2011, petitioner, represented by counsel, filed his federal habeas petition. (ECF No. 1). Respondents move to dismiss

1 the petition. (ECF No. 19). Petitioner, by way of counsel, has filed an opposition (ECF No. 28),[2]

2 and respondents have filed a reply (ECF No. 29).

## II. Discussion

### A. Ground I of Federal Petition

In the first ground of the federal petition, petitioner alleges:

> The State of Nevada violated the Petitioner's Federally Protected Rights to Due Process under the 4th, 5th, and 14th Amendments of the United States Constitution. Nevada's wiretap statutes, on their face or as applied, violate the Petitioner's constitution rights to due process and equal protection.

(ECF No. 1, at p. 2-3). Petitioner contends is that "the State illegally intercepted his wire communications without judicial authority as required under Nevada's wiretap statutes (modeled after the federal statutes)." (*Id.*, at p. 4). Petitioner contends that "the application of this improper standard of intercept in Nevada violates the Nevada statutes which prohibits intercepts without the express permission of both parties." (*Id.*). Petitioner argues that the Nevada Supreme Court erred in its analysis of Nevada's wiretapping statutes. (*Id.*). Petitioner asserts that this violated Nevada's "best evidence" rule. (*Id.*).

In the instant case, ground I of the federal petition is a Fourth Amendment claim involving the application of Nevada's wiretapping statute to his criminal case. Although petitioner alleges that the Nevada Supreme Court's ruling on his Fourth Amendment wiretap argument constitutes due process and equal protection violation, there are no facts plead to indicate either a federal due process or a federal equal protection violation occurred. A habeas petitioner may not transform a state law issue into a federal one merely by asserting a due process violation. *Langford v. Day*, 110

---

[2] Petitioner's opposition states: "This Opposition is made and based upon the Points and Authorities attached hereto." (ECF No. 28, at p. 1). This court's record reflects that no points and authorities were attached to petitioner's opposition. This court further notes that the petition itself (ECF No. 1) was accompanied by points and authorities (ECF No. 1-2), which the court has considered in ruling on the instant motion to dismiss.

1  F.3d 1380, 1389 (9th Cir. 1996).  Petitioner's claim, no matter the verbiage employed by his counsel,
2  is a claim that the state violated his Fourth Amendment rights by employing certain wiretapping and
3  telephone interception methods to obtain evidence leading to his conviction of multiple counts of
4  solicitation to commit murder.

5  Where a state has provided a defendant with a full and fair opportunity to litigate a Fourth
6  Amendment claim, "a state prisoner may not be granted federal habeas corpus relief on the ground
7  that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v.*
8  *Powell,* 428 U.S. 465, 495 (1976); s*ee also Kuhlmann v. Wilson,* 477 U.S. 436, 446-47 (1986).  The
9  Supreme Court has determined that excluding Fourth Amendment claims from habeas corpus review
10  created no danger that the courts would deny a safeguard against compelling an innocent man to
11  suffer an unconstitutional loss of liberty because a convicted defendant seeking review of a Fourth
12  Amendment claim on collateral review is "usually asking society to redetermine an issue that has no
13  bearing on the basic justice of his incarceration." *Kuhlmann,* 477 U.S. at 447.

14  The rule in *Stone* addresses "the application of the rule as limited to cases in which there has
15  been both . . . a showing that the state court does not provide the petitioner with an opportunity to
16  fully and fairly litigate its Fourth Amendment claims and a Fourth Amendment violation." *Woolery*
17  *v. Arave*, 8 F.3d 1325, 1326 (9th Cir. 1993 (internal quotations omitted).  "[T]he issue of whether the
18  state correctly applied the law of search and seizure is apparently totally irrelevant as long as the
19  state procedures were fair." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).  There has been a fair
20  opportunity to present Fourth Amendment claims to the state court where a motion is filed
21  challenging the same before the state trial court, the moving party receives a hearing and factual
22  finding by the state trial court, and there is a state court appellate review of the same.  *Moormann v.*
23  *Schriro*, 426 F.3d 1044, 1053 (9th Cir. 2005).

24  In the instant case, Nevada law provides a mechanism for challenging searches on Fourth
25  Amendment grounds.  *See* NRS 179.085.  Petitioner filed a motion to suppress the unrecorded,
26

monitored intercepted telephone calls and the alleged "confession" made during the statements. (Exhibit 39). On the first day of trial, the state district court held a hearing regarding the alleged confession and the circumstances surrounding it. (Exhibit 48). The court denied the motion to suppress. (*Id.*). The parties also submitted the issue of admission of the telephone calls obtained through wiretaps. The court ordered that the calls would be admitted. (*Id.*). On direct appeal, petitioner alleged that his constitutional rights were violated because investigating officers violated the letter and spirit of the Nevada wire interception statutes, based on the actions of investigating officers regarding the unrecorded telephone calls and failure to present the recorded telephone calls to the grand jury. (Exhibit 99, at pp. 9-28). The Nevada Supreme Court addressed petitioner's claims and rejected them. (Exhibit 112). It is clear from the record that petitioner was given a full and fair opportunity to litigate his Fourth Amendment claim before the state courts. *See Terrovona v. Kinchloe,* 912 F.2d 1176 (9th Cir. 1990); *Abell v. Raines,* 640 F.2d 1085 (9th Cir. 1981). Because petitioner had the opportunity to fully and fairly litigate the Fourth Amendment claim that he now presents in his federal habeas petition, this court is precluded from reviewing ground I of the federal petition, and it will be dismissed.

### B. Ground II of Federal Petition

Petitioner presents ground II as follows:

> The State of Nevada violated the Petitioner's 5th and 15th Amendment Rights by purposefully and intentionally violating the Petitioner's Due Process Rights under the United States Constitution, delineated in ***Brady v. Maryland***, 373 U.S. 83 and ***Napue v. Illinois***, 360 U.S. 264 (1959).

(ECF No. 1, at p. 6). The suppression by prosecution of evidence favorable to an accused violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith of the prosecutor. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). The knowing use of false or perjured testimony against a defendant to obtain a conviction is unconstitutional. *Napue v. Illinois*,

1  360 U.S. 264 (1959).  Petitioner alleges both *Brady* and *Napue* violations occurred in state court.
2  Respondents argue that petitioner failed to exhaust his *Brady/Napue* claims.

3  A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has
4  exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28
5  U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his
6  claims before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S.
7  838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains
8  unexhausted until the petitioner has given the highest available state court the opportunity to
9  consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*
10 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

11 A habeas petitioner must "present the state courts with the same claim he urges upon the
12 federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications
13 of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.
14 *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To
15 achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims
16 under the United States Constitution" and given the opportunity to correct alleged violations of the
17 prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d
18 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear
19 instruction to potential litigants: before you bring any claims to federal court, be sure that you first
20 have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose*
21 *v. Lundy,* 455 U.S. 509, 520 (1982)).  A claim is not exhausted unless the petitioner has presented to
22 the state court the same operative facts and legal theory upon which his federal habeas claim is
23 based.  *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).

24 In the instant case, the points and authorities to the petition, at pp. 56-86, raises several
25 arguments regarding *Brady/Napue* claims.  Petitioner's points and authorities to his federal petition
26

at pp. 56-81 is almost identical, word-for-word, to his opening brief on direct appeal to the Nevada Supreme Court, at pp. 36-51. (Exhibit 99). This court finds that petitioner's *Brady/Napue* claims, including the facts and legal theories, were presented to the Nevada Supreme Court in his opening brief. (Exhibit 99). The court denies respondents' motion to dismiss ground II of the federal petition, in which petitioner makes *Brady/Napue* claims.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 19) is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Ground 1 of the federal habeas petition is **DISMISSED WITH PREJUDICE**.

2. Ground 2 of the federal habeas petition **SHALL PROCEED**.

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the federal petition within **thirty (30) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each surviving claim in the petition. **No further motions to dismiss will be entertained**. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE A REPLY** to the answer no later than **thirty (30) days** after being served with the answer.

Dated September 11, 2012.

_/s/ James C. Mahan_
UNITED STATES DISTRICT JUDGE