UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RON BRADY, JR.,

    Petitioner,                                      2:11-cv-00846-JCM-CWH

vs.

**ORDER**

BRIAN E. WILLIAMS, *et al.*,

    Respondents.

_____/

       In this habeas corpus action, the court denied the habeas corpus petition of the petitioner, Ron Brady, Jr., on September 30, 2014 (ECF No. 41). In that order, the court also denied Brady a certificate of appealability. Judgment was entered the same date (ECF No. 42).

       Brady's notice of appeal was due October 30, 2014. *See* Fed. R. App. P. 4(1)(1)(A) (30 days for notice of appeal).

       On November 13, 2014, two weeks after his notice of appeal was due, the court received from Brady, and filed, a "Nunc Pro Tunc Notice of Appeal" (ECF No. 43). The "Nunc Pro Tunc Notice of Appeal" was filed *pro se* by Brady, despite the fact that he was represented by an attorney in this action.

       On November 17, 2014, the court ordered that it would accept for filing the *pro se* "Nunc Pro Tunc Notice of Appeal," and that it would be treated as a motion, under Federal Rule of Appellate

Procedure 4(a)(5), for an extension of time to file a notice of appeal, and as the notice of appeal itself. Minute Order entered November 17, 2014 (ECF No. 45).

On November 19, 2014, respondents filed an opposition to the motion for extension of time to file a notice of appeal (ECF No. 47). On December 24, 2014, Brady filed a *pro se* reply in support of his motion (ECF No. 50).

Meanwhile, on December 4, 2014, Brady's counsel, Michael H. Schwarz, filed a motion to withdraw from his representation of Brady (ECF No. 48). On December 16, 2014, Brady filed what is in effect an opposition to the motion to withdraw (ECF No. 49). Schwarz, who was privately retained to represent Brady represents that he was retained only for the duration of the litigation in the federal district court. Motion to Withdraw (ECF No. 48), p. 1. The court will grant Schwarz's motion to withdraw from his representation of Brady.

Brady's motion for extension of time is made pursuant to Federal Rule of Appellate Procedure 4(a)(5). *See* Minute Order entered November 17, 2014 (ECF No. 45). Under that rule, the district court may extend, by up to thirty days, the time to file a notice of appeal, if the motion is made within thirty days after the notice of appeal was due, and the moving party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5). The "excusable neglect" standard applies to motions to extend time made after expiration of the original time to file a notice of appeal. *See Mendez v. Knowles*, 556 F.3d 757, 764 n.1 (9th Cir. 2009). In determining whether the moving party has shown excusable neglect, the district court considers the four factors identified in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993): "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Mendez*, 556 F.3d at 765, quoting *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc).

Applying the *Pioneer* factors, the court finds that Brady has shown excusable neglect, warranting extension of time for his notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Brady is

a prisoner at Nevada's Southern Desert Correctional Center (SDCC). He has shown that, while he has access to legal information at a law library at SDCC, his access is subject to the prison's "kite system," and is somewhat limited. *See* Reply in Support of Motion for Extension of Time (ECF No. 50), pp. 1-2. Brady was represented by Schwarz when the court denied Brady relief and entered judgment, and when Brady's notice of appeal was due, but Schwarz did not file a notice of appeal on his behalf, and Schwarz did not advise Brady to do so. Schwarz states that he did not understand his representation of Brady to extend to an appeal. *See* Motion to Withdraw (ECF No. 48), p. 1. On October 9, 2014, nine days after the judgment was entered, Schwarz mailed Brady a copy of the order denying his habeas petition, and Brady apparently did not receive that letter in prison until more than two weeks after the judgment was entered. *See* Reply in Support of Motion for Extension of Time (ECF No. 50), pp. 1-2; *see also* Letter Dated October 9, 2014, from Schwarz to Brady (copy attached to Reply in Support of Motion for Extension of Time). In his October 9, 2014, letter to Brady, Schwarz stated:

> As you will note, the Court denied a certificate of appealability. This prevents you from immediately filing an appeal to the Ninth Circuit Court of Appeals. As this concludes my involvement, I have included a sample application for a certificate of appealability. This has to be filed with the Ninth Circuit Court of Appeals. I apologize, but I do not know how long you have to file for a certificate of appealability. So, I would recommend that you immediately speak to the legal gurus at the prison. They will probably know this right off the top of their heads. Please note that the form is for the Tenth Circuit, so you will have to modify the form for the Ninth Circuit Court of Appeals.

Letter Dated October 9, 2014, from Schwarz to Brady. Schwarz did not file a timely notice of appeal on Brady's behalf, and Schwartz did not, in his October 9, 2014, letter, advise Brady to file a notice of appeal. In fact, in the October 9, 2014, letter, Schwarz stated -- misleadingly -- that the district court's denial of a certificate of appealability "prevents you from immediately filing an appeal to the Ninth Circuit Court of Appeals." Letter Dated October 9, 2014, from Schwarz to Brady. Under the circumstances, the Court finds that Brady has shown excusable neglect for his failure to file a notice of appeal within the thirty-day period prescribed by Federal Rule of Appellate Procedure 4(a)(1). The court will grant Brady's motion for extension of time pursuant to Federal Rule of Appellate Procedure 4(a)(5), and will treat his notice of appeal, filed November 13, 2014 (ECF No. 43) as timely filed.

**IT IS THEREFORE ORDERED** that Michael H. Schwarz's Motion to Withdraw as Counsel of Record (ECF No. 48) is **GRANTED**. Michael H. Schwarz is discharged from his representation of the petitioner; petitioner now appears *pro se*. The clerk of the court shall update the court's records to reflect this change.

**IT IS FURTHER ORDERED** that petitioner's motion for extension of time to file notice of appeal (ECF No. 46) is **GRANTED**. Petitioner's notice of appeal, filed November 13, 2014 (ECF No. 43) shall be treated as timely filed.

Dated this 14th day of January, 2015.

_____
UNITED STATES DISTRICT JUDGE